UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANTHONY D. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | No. 6:24-CV-10-REW |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN GILLEY, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Anthony Taylor has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Taylor challenges the enhancement of his federal sentence based upon prior state felony convictions. *See* DE 1 (Petition). The Court screens the petition pursuant to 28 U.S.C. § 2243. *See Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

Following a trial in 2014, a jury convicted Taylor of two federal firearms offenses. *See United States v. Taylor*, No. 1:13-CV-10041-JDB (W.D. Tenn. 2013) at DE 42 (Jury Verdict). During sentencing proceedings, Taylor invoked *Descamps v. United States*, 133 S. Ct. 2276 (2013) to argue that two of his four prior felony convictions (for first degree burglary in Kentucky and simple robbery in Tennessee) did not qualify as "crimes of violence" warranting application of the armed career criminal enhancement found in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See* DE 54 (Defendant's Position Regarding Sentencing Factors). The trial court disagreed, and imposed a total sentence of 262 months imprisonment as a result. *See id.* at DE 57 (Judgment); *see also United States v. Taylor*, Appellant's Principal Brief, No. 14-6048, 2014 WL 6608520, at \*11 (6th Cir. Nov. 17, 2014).

Taylor challenged the procedural reasonableness of his sentence on direct appeal, but did not re-assert his *Descamps* challenge before the Sixth Circuit. *See id*. In August 2015, the Sixth Circuit affirmed. *United States v. Taylor*, 800 F.3d 701 (6th Cir. 2015). In doing so, it held that even after the Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), all four of Taylor's prior convictions remained valid predicates to enhance his sentence under the ACCA. *See Taylor*, 800 F. 3d at 716-20.

Taylor, with the assistance of court-appointed counsel, challenged his sentence by timely motion under 28 U.S.C. § 2255, reasserting *Johnson*-based arguments. *Taylor v. United States*, No. 1:15-CV-1270-JDB-EGB (W.D. Tenn. 2015) at DE 1 (Motion); DE 9 (Request to Supplement). The trial court rejected those contentions in a thorough opinion. *See id*. at DE 21 (Order). In 2019, the Sixth Circuit denied a certificate of appealability on that or any other issue raised. *See id*. at DE 28 (Order).

The following year, Taylor filed a § 2241 petition seeking, among other things, to challenge his sentence pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The habeas court dismissed the petition because Taylor's claims were not cognizable under § 2241. *See Taylor v. Hudgins*, No. 3:20-CV-61-GMG-RWT (N.D. W.Va. 2020) at DE 1 (Petition); DE 15 (Order).

In his present § 2241 petition, Taylor refers to *Borden v. United States*, 141 S. Ct. 1817 (2021), to assert yet again that his sentence should not have been enhanced under the ACCA. *See* DE 1-1 (Memorandum in Support). In *Borden*, the Supreme Court held that a criminal offense which requires only a *mens rea* of recklessness can qualify as a "violent felony" under the ACCA. *Borden*, 141 S. Ct. at 1821. Of course, Taylor's robbery and burglary predicates are precisely the sorts of offenses that typically require knowing or intentional conduct, unlike the assault conviction at issue in *Borden*. Taylor makes no effort to explain why or how *Borden* applies to his

2

case, whether now or if had it been decided before 2014. *See* DE 1-1 at 3, 5-6. But for other and more fundamental concerns, Taylor's petition would be dismissed for failure to adequately articulate a claim for relief. A petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

Disregarding at this juncture Taylor's pleading insufficiency, the Supreme Court has made clear that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [§ 2255(h)'s] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 143 S. Ct. 1857, 1864 (2023). There are narrow exceptions, but none applies here. Faced with a similar claim, the Sixth Circuit recently made clear that dismissal of a § 2241 petition for lack of jurisdiction was required: "Garner challenges the legality of his sentence, and he relies on cases that interpret the ACCA. *Jones* prohibits Garner from raising such claims in a § 2241 petition. *See* [*Jones*] at 1869 ('The inability of a prisoner with a statutory claim to satisfy th[e] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.')." *Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *2 (6th Cir. Aug. 23, 2023). Because *Jones* makes clear that Taylor may not assert his *Borden* claim in a Section 2241 petition, the Court will dismiss this matter for lack of jurisdiction. *See Price v. Gilley*, No. 22-5631, 2023 WL 9327735, at *2 (6th Cir. Aug. 16, 2023) (citing *Jones*, holding that "Price cannot obtain § 2241 relief based on *Borden*.").

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** Anthony Taylor's DE 1 petition for a writ of habeas corpus for lack of jurisdiction.

2. The Court will enter a corresponding judgment.

3. This matter is **STRICKEN** from the docket.

This the 21st day of October, 2024.

Signed By:
Robert E. Wier
United States District Judge